BENDER BROS. CO. v. McDONALD.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Bon Homme county, Hon. E. G. SMITH, Judge.

Action by the Bender Bros. Company against W. H. Mc-Donald. Judgment for defendant, and plaintiff appeals. Affirmed

*W. T. Williams* and *A. E. Hitchcock*, for appellant.

*Elliott & Stilwell*, for respondent.

FULLER, J. This claim and delivery action, commenced to recover the possession of a grain elevator situated upon a railroad company's right of way, terminated in favor of the defendant, and plaintiff appeals. Whether, upon the following facts, concerning which there is but slight controversy, the circuit court erred in overruling a motion to direct a verdict in favor of appellant, is the only question for determination: On the 13th day of August, 1895, appellant corporation, being the owner of the grain elevator in dispute, entered into a written contract, by the terms of which respondent was employed by said corporation to devote his entire time and attention to its business of buying and selling grain, produce, and live stock during the season of 1895 and 1896, or such portion thereof as his services might be desired, in consideration of $50 per month, and this stipulation: "It is also further agreed that when the business of the station does not justify keeping the elevator open, and a satisfactory closing of the same is agreed upon, that the said Bender Bros. Co. will allow the said W. H. Mc-Donald to use their elevator, until August 1st, 1896, free of charge." Under this contract, respondent went into immediate possession of the elevator, together with its machinery, tools, and appurtenances, and apparently continued to faithfully discharge his duties as a buyer and shipper of grain and

live stock until the 1st day of February, 1896, when he was informed by appellant that his services were no longer required, and that an arrangement had been made with another buyer to take the elevator, and conduct the business on a joint account in the nature of a partnership. The record clearly shows that appellant became convinced during the month of January, immediately preceding, that the business of the station no longer justified the expense of keeping the elevator open during the remainder of the season, and that respondent was ready, able, and anxious to perform every act that might reasonably be required of him in order to effect a satisfactory discontinuance of the business on appellant's account, and desired to continue for himself in its occupancy, free of charge, and pursuant to contract, until the 1st day of the following August. In fact, the jury might well find from the evidence that, according to the usage of the business, the conditions contemplated in the contract existed on the 1st day of February, 1896, when respondent had fully accounted for all money and property coming into his hands by virtue of his employment, and the business had been satisfactorily closed, in the sense that appellant had ceased to carry on the business for the remainder of the season. That appellant, after becoming satisfied that it would no longer be profitable to employ a buyer and pay the incidental expenses, undertook to have respondent enter into a joint arrangement to continue the business during the dull season, and ordered him to surrender possession when he declined to accept the terms proposed, are facts of some significance, which the jury had a right to consider, with the other testimony in the case, and in the light of proper instructions which were given by the court. Our conclusion is that evidence sufficient

to sustain the verdict in favor of respondent was correctly submitted to the jury, and that the amount recovered for the
wrongful taking and detention of the property is not excessive.
The judgment appealed from is therefore affirmed.